UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AGROCOOPERATIVE LTD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2254-B |
| | § | |
| SONANGOL SHIPPING ANGOLA, | § | |
| (LUANDA) LIMITADA, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| SONANGOL USA, SONANGOL | § | |
| MARINE SERVICES INC., and | § | |
| SONANGOL HIDROCARBONETOS | § | |
| USA LTD., | § | |
| | § | |
| Garnishees. | § | |

ORDER FOR ISSUANCE OF
WRITS OF MARITIME ATTACHMENT AND GARNISHMENT

On June 20, 2014, Plaintiff Agrocooperative LTD filed a Verified Original Complaint (doc. 1) seeking damages of at least $10,523,000 against Defendant Sonangol Shipping Angola (Luanda) Limitada and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as to Defendant Sonangol Shipping Angola (Luanda) Limitada and Garnishees Sonangol USA, Sonangol Marine Services Inc., and Sonangol Hidrocarbonetos USA Ltd. Also on June 20, 2004, Plaintiff filed a Motion and Memorandum for Order for Issuance of Process of Maritime Attachment and Garnishment (docs. 6, 6-1) in support of its request for a pre-

judgment writ of maritime garnishment under Rule B.

The Court has reviewed the Verified Original Complaint and Motion and finds that the conditions of Supplemental Admiralty Rule B appear to exist. Specifically, the pleadings appear to adequately state a claim against Defendant under maritime law, the Complaint is verified, and attached to the Complaint is an affidavit of attorney Mallory A. Beagles detailing her investigation and conclusion that Defendant cannot be "found" in the Northern District of Texas. *See Vitol, S.A. v. Primerose Shipping Co. Ltd.*, 708 F.3d 527, 537 (4th Cir. 2013) (outlining requirements for writs of maritime garnishment under Rule B); *Aurora Mar. Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 47 (2d Cir. 1996) ("Maritime attachment is by any test a 'characteristic feature of the general maritime law.'"); *STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte. Ltd.*, 560 F.3d 127, 130–31 (2d Cir. 2009). As such, all of the requirements of Rule B appear to be met. The Court also concludes that it is appropriate to issue a writ of maritime garnishment at this time and on an immediate basis. Once Defendant and Garnishees have appeared in this action, they may request a prompt hearing on the writ of maritime garnishment and present evidence, argument, and authority to the Court. *See Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 65 (2d Cir. 2009) (explaining defendant's entitlement to a prompt hearing on whether the attachment should be vacated under Rule E).

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Clerk of this Court is authorized to issue the Process of Maritime Attachment and Garnishment against all assets, cash, funds, credits, wire transfers, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including, but not limited to

any such assets as may be in the possession, custody or control of, or being transferred through any Garnishee within this district, including, without limitation, assets held by or at Garnishees identified in Attachment A to the Verified Original Complaint, and said Order being equally applicable with respect to the issuance and service of additional Writs of Maritime Attachment and Garnishment upon any garnishees in this district not named herein, in an amount up to and including $10,523,000 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the garnishment should not be vacated or other relief granted; and it is further

**ORDERED**, that following initial service by the United States Marshal or other designated process server upon each Garnishee, supplemental service of the Process of Maritime Garnishment, as well as this Order, may be made by way of facsimile transmission or email to each Garnishee; and it is further

**ORDERED**, that service of any Garnishee as described above is deemed continuous throughout the day from time of such service through the opening of the Garnishee's business the next business day; and it is further

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each Garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED**, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is further

**ORDERED**, that to afford an opportunity for expeditious hearing of any objections which might be raised by Defendant, or any Garnishee, a hearing may be set by calling the case manager of the undersigned.

**SO ORDERED.**

**SIGNED: June 25, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE